UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

YONKERS CENTRAL AVENUE SNACK
MART, INC.,

                              Debtor.

JOHN MORGAN and BARR & MORGAN,

                         Appellants,

v.

YONKERS CENTRAL AVENUE SNACK
MART, INC.,

                         Appellee.

No. 19-CV-3858 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

        John Morgan and Barr & Morgan (collectively, "Appellants"), appeal an Order of the

United States Bankruptcy Court for the Southern District of New York.  (Dkt. No. 1.)  On

September 27, 2019, following a lack of activity, the Court issued an Order To Show Cause as to

why the Action should not be dismissed for failure to prosecute.  (Dkt. No. 6.)  In response, Barr

& Morgan requested a 180-day stay "in order to conclusively determine whether the issues

presented [had] become moot."  (Dkt. No. 7 at 1.)  On October 4, 2019, the Court granted a 90-

day stay.  (*See* Dkt. No. 8.)  Following another lack of activity, on March 9, 2020 the Court

issued a second Order To Show Cause by March 23, 2020 as to why the Action should not be

dismissed for failure to prosecute.  (Dkt. No. 9.)  Appellants have made no filings since that date,

nor have they otherwise communicated with the Court.

This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  *See id.*  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same).  No single factor is dispositive.  *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissing Appellants' Action. Appellants were ordered twice to show cause as to why the Action should not be dismissed for failure to prosecute.  (Dkt. Nos. 6, 9.)  While Appellants replied in October 2019 to the first Order to Show Cause, (Dkt. No. 7), they made no filings when their requested stay ended. Further, Appellants have not complied with the Order To Show Cause, which was issued more than seven months ago.  (Dkt. No. 9.)  Accordingly, Appellants' Action is dismissed without prejudice for failure to prosecute.  *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

 SO ORDERED.

 Dated:  October 27, 2020
          White Plains, New York

_____
 KENNETH M. KARAS
 UNITED STATES DISTRICT JUDGE